**WAYNE GREENWALD, P.C.**
*Attorneys for Plaintiff*
*Carolyn G. Brown*
**475 Park Avenue South -21ˢᵗ Floor**
**New York, New York 10016**
**212-983-1922**
**Wayne Greenwald**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                                  Case No.
                                                                                              18-11720-MEW
     **CAROLYN G. BROWN ,**                            Chapter 7

                       **Debtor.**
-----------------------------------------------------------X
**CAROLYN G. BROWN,**

                **Plaintiff,**                               Adv. No.
-against-


**MILTON DAVIS,**
                **Defendant.**
-----------------------------------------------------------X

## COMPLAINT

The Plaintiff, Carolyn G. Brown ("Brown" or the "Debtor") by her attorneys, Wayne Greenwald, P.C. as and for her Complaint, states:

### BACKGROUND, JURISDICTION AND VENUE

1. On December 31, 2017, the Debtor filed a voluntary petition for relief under chapter 7, title 11 U.S.C. § 101, et seq.

2. Albert Togut was appointed as the Chapter 7 Trustee in this case.

3. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

4. Upon information and belief, this matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

5. Upon information and belief, this matter is a "related to" as that term is defined by 28 U.S.C. § 157.

6. Upon information and belief, this action concerns a "public right."

7. This district is the appropriate district to consider this Action, pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The Plaintiff consents to this Court entering a final judgment in this action

## COMMON FACTS AND GENERAL ALLEGATIONS

9. In 2012, Brown required funding to, among other things, refinance a consumer loan (the "Loan").

10. In 2012, Brown was introduced to Woodbridge Mortgage Investment Fund I, LLC ("Woodbridge").

11. Brown was introduced to Woodbridge for obtaining the Loan.

12. Brown wanted to borrow $270,000.

13. Woodbridge was amenable to lending Brown $270,000 for the Loan (the "$270K Loan").

14. The $270K Loan sought by Brown was a consumer loan.

15. Brown was a consumer relative to the Loan she sought.

16. For Woodbridge to provide Brown with the $270K Loan, Woodbridge required Brown to form SMM Investors, LLC ("SMM") as the vehicle for obtaining the $270K Loan.

17. Woodbridge required Brown to guarantee the $270K Loan and provide Brown's cooperative apartment (13C) at 100 West 94th Street, New York, NY 10025 (the "Coop")

as collateral security for Woodbridge's $270K Loan to SMM.

18. Upon information and belief, Woodbridge structured the $270K Loan making SMM the borrower so the $270K Loan did not appear to be a consumer loan.

19. Upon information and belief, Woodbridge structured the $270K Loan making SMM the borrower so the $270K Loan appeared to be a commercial loan.

20. Upon information and belief, Woodbridge structured the $270K Loan making SMM the borrower so the $270K Loan appeared to be a commercial loan to avoid the regulations governing similar loans to consumers.

21. Upon information and belief, Woodbridge structured the $270K Loan making SMM the borrower so the $270K Loan appeared to be a commercial loan to avoid the regulations governing similar loans to consumers, like Brown.

22. Upon information and belief, Woodbridge structured the $270K Loan to not appear to be a consumer loan, so Woodbridge could attempt to avoid the regulations governing similar loans to consumers.

23. Upon information and belief, Woodbridge structured the $270K Loan to not appear to be a consumer loan, so Woodbridge could attempt to avoid the regulations governing similar loans to consumers like Brown.

24. Upon information and belief, Woodbridge structured the $270K Loan to not appear to be a consumer loan so Woodbridge could attempt to deny Brown what rights Brown has under regulations governing similar loans to consumers.

25. Upon information and belief, by structuring the $270K Loan to not appear to be a consumer loan, Woodbridge fraudulently denied Brown what rights Brown has under regulations governing similar loans to consumers.

26. Upon information and belief, by structuring the $270K Loan to appear to be a commercial loan, Woodbridge fraudulently denied Brown what rights Brown has under regulations governing similar loans to consumers.

27. Upon information and belief, the $270K Loan is for personal, family, or household purposes.

28. Upon information and belief, the $270K Loan was secured by real estate, where Brown resides, and is a dwelling within the meaning of 15U.S.C. § 1640(a)(2)(A)(iii).

29. The $270K Loan had a one year term.

30. The $270K Loan had an annual interest rate of 10%.

31. Milton Davis claims that Woodbridge assigned the $270K Loan and its loan documents to Milton Davis.

32. Upon information and belief, if Woodbridge assigned the $270K Loan and its loan documents to Milton Davis, Milton Davis is subject to all defenses which the Plaintiff has against Woodbridge concerning the $270K Loan.

33. Upon information and belief, all relevant times, Woodbridge, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

### FIRST CLAIM FOR RELIEF - HOEPA VIOLATION

34. The Plaintiff repeats the statements contained in paragraphs numbered "1" through "28" of this Complaint as is stated fully here.

35. Upon information and belief, Brown is a consumer within the meaning of the TILA (15

U.S.C. §1602(h)).

36. Upon information and belief, the interest rate for the $270K Loan exceeded the "Average Prime Offer Rates- Fixed" by 6.5 percentage points.

37. Upon information and belief, the $270K Loan is subject to the Home Ownership and Equity Protection Act ("HOEPA").

38. Upon information and belief, in connection with the $270K Loan, Woodbridge failed to provide the Plaintiff the disclosures required by HOEPA.

39. Upon information and belief, the $270K Loan required a payment in violation of HOEPA.

40. Upon information and belief, the $270K Loan violated other requirements of HOEPA.

41. Upon information and belief, it was Woodbridge's regular and widespread practice to violate consumer borrowers' HOEPA rights in transactions structured similarly to the $270K Loan.

42. By reason of the foregoing, the Plaintiff has been injured.

43. By reason of the foregoing, the Plaintiff is entitled to damages, the rescission of the $270K Loan, an injunction against the enforcement of the $270K Loan and all other forms of relief provided by HOEPA.

### SECOND CLAIM FOR RELIEF - TILA VIOLATION

44. The Plaintiff repeats the statements contained in paragraphs numbered "1" through "42" of this Complaint as is stated fully here.

45. Upon information and belief, the $270K Loan is a credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 1026.23 (12 C.F.R. § 1026.23.

46. Upon information and belief, in the course of the $270K Loan Woodbridge failed to deliver to the Plaintiff two copies of a notice of the right to rescind that:

    a. Identified the transaction.

    b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

    c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

    d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Woodbridge's place of business.

    e. Clearly and conspicuously disclosed the effects of rescission.

    f. Clearly and conspicuously disclosed the date the rescission period expired.

47. Upon information and belief, Woodbridge's failure to make these disclosures violated the requirements of Truth in Lending ("TILA") and other regulations governing the $270K Loan.

48. Woodbridge's failures to disclose were material.

49. Upon information and belief, by reason of those material violations of TILA the Plaintiff has a right of rescission for three years from the date of consummation of the Loan.

50. Upon information and belief, that period is tolled due to Woodbridge's fraudulent non-disclosures and violation of TILA.

51. By filing this action the Plaintiff hereby rescinds the $270K Loan.

52. In opposing the Defendant's motion for stay relief in the Debtor's bankruptcy case, the Plaintiff notified the Defendant of the TILA violations relative to the $270K Loan.

53. Upon information and belief, the Defendant did nothing to remedy those violations.

54. By reason of the foregoing, the Plaintiff has been injured.

55. Upon information and belief, as a result of the aforesaid violations of the TILA, Defendant and Woodbridge are liable to Plaintiff for:

   a. Rescission of the $270K Loan.

   b. Termination of any security interest in Plaintiff's property created under the $270K Loan.

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the $270K Loan.

   d. Statutory damages of $4,000 for the disclosure violations.

   e. Forfeiture of return of loan proceeds.

   f. Actual damages in an amount to be determined at trial.

   g. Reasonable costs of this action including reasonable attorney fees.

   h. Such other further relief as the Court deems just and proper.

**WHEREFORE**, the Plaintiff asks this Court to enter judgment in the Plaintiff's favor and against the Defendant:

   a. Declaring the security interest in Plaintiff's home void;

   b.. Rescinding the $270K Loan .

   c. Ordering the Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the $270K Loan that the Court declare all such security interests void, including but not limited to the mortgage lien and security interest related to the $270K Loan.

   d. Ordering the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the $270K Loan.

   e. Enjoining Defendant during the pendency of this action, and permanently

thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

f. Awarding the Plaintiff statutory damages for the disclosure violations, in the amount of twice the finance charge in connection with the $270K Loan, but not less than $200 or more than $4,000 as provided under 15 U.S.C. § 1640(a);

g. Awarding actual damages in an amount to be established at trial;

h. Awarding the Plaintiff costs and a reasonable attorney fees.

i. Awarding such other and further relief as the Court deems just and proper.

Dated: New York, NY
March 27, 2019

> WAYNE GREENWALD, P.C.
> *Attorneys for Plaintiff*
> *Carolyn G. Brown*
> 475 Park Avenue South -21st Floor
> New York, New York 10016
> 212-983-1922
>
> By: /s/ Wayne M. Greenwald Pres
> Wayne M. Greenwald