UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 7

CAROLYN G. BROWN,                                               Case No. 18-11720 (MEW)

                                  Debtor.
------------------------------------------------------------x
CAROLYN G. BROWN,

                                Plaintiffs,                   Adversary Proceeding No. 19-01100

     - against -

MILTON DAVIS,
                                Defendants.
------------------------------------------------------------x

## MOTION TO DISMISS COMPLAINT

The defendant herein, Milton Davis ("Davis"), respectfully submits this Memorandum of Law in Support to his motion to dismiss the Complaint (the "Complaint") filed by Carolyn Brown (the "Debtor") pursuant to Federal Rule 12(b)(6).

## PRELIMINARY STATEMENT

This adversary proceeding was commenced by the Debtor as yet another in a long line of delaying tactics as she seeks to prevent a foreclosure by Davis of the Debtor's real property, consisting of a cooperative apartment at 100 West 94th Street, New York, NY, Apartment 13(C) (the "Property").

Having had an earlier Chapter 13 case dismissed for failure to make payments, and having no basis under the Bankruptcy Code to bar vacatur of the automatic stay in her current Chapter 7 case, the Debtor seeks to stall the proceedings through a frivolous adversary proceeding seeking to rescind the underlying note and mortgage pursuant to the Home Ownership and Equity Protection Act ("HOEPA") and the Truth in Lending Act ("TILA").

Both of the causes of action stated in the Complaint are barred for the same two reasons. First, pursuant to both the plain language of the applicable provisions of title 15 and Regulation Z, the right of rescission is available only where the loan is secured by a mortgage against the borrower's residence. Since the Debtor did not reside at the Property at the time of the loan, there is no right of rescission.

Second, any action under HOEPA or TILA must be commenced within three years of the date of the loan. Since the loan was made pursuant to a note dated October 9, 2012, which was then renewed through an Amended and Restated Note dated October 9, 2013, both causes of action are time barred.

Accordingly, the complaint is legally deficient and must be dismissed.

## STATEMENT OF RELEVANT FACTS

The debt first originated when the Debtor's wholly owned company, SMM Investors LLC, borrowed the principal sum of $270,000 from Woodbridge Mortgage Investment Fund I, LLC ("Woodbridge") pursuant to a note dated October 9, 2012 (the "Note"). There was a one year maturity, following which the parties executed an Amended and Restated Note dated October 9, 2013 (the "Restated Note").

The Debtor personally guaranteed the loan. The Property was pledged as collateral pursuant to a certain New York Cooperative Loan Security Agreement ("Security Agreement") and related UCC financing statement, and Assignment of Lease and Stock Power. Copies of the relevant mortgage documents are collectively annexed to the accompanying Declaration of Milton Davis as Exhibit "A".

Both at the time of the Note and the Restated Note, the Debtor resided at 609 Columbus Avenue, Apartment 10(J), New York, NY ("the Columbus Apartment"). The

Columbus Apartment is reflected as being the Debtor's residence throughout the loan documents. For example, the Security Agreement lists the Debtor as "residing at 609 Columbus Avenue, 10J, NY, NY 10025". *See,* Exhibit "A".

Moreover, the Chapter 13 petition filed by the Debtor on April 15, 2015 lists the Columbus Apartment as her residence. A copy of the Chapter 13 petition is annexed to the Davis Declaration as Exhibit "D".

The Restated Note matured according to its one year term on October 8, 2014, at which time, the entire principal amount of $270,000 plus interest became due. Woodbridge instituted foreclosure proceedings under UCC §§ 9-610 and 9-611 and thereafter assigned the mortgage to Davis on April 15, 2015, pursuant to the attached assignment of loan documents annexed Exhibit "B" to the Davis Declaration.

With a foreclosure sale pending, the Debtor filed a prior Chapter 13 petition on April 11, 2015 (Case No. 15-10900-jlg). The first Chapter 13 case was dismissed for cause upon motion of the Chapter 13 Trustee by Order dated December 16, 2015.

Thereafter, Davis attempted to work with the Debtor rather than continue the foreclosure, as the Debtor stated that she intended to refinance the mortgage debt. However, nothing of substance materialized and Davis ultimately re-instituted foreclosure proceedings in accordance with the "two-notice procedures" permitted under UCC §§9-610 and 9-611. An auction set for June 5, 2018 was stayed when the Debtor filed a *pro se* Chapter 7 petition on June 4, 2018.

Davis is the only creditor listed in the schedules. The only asset identified by the Debtor is the Property, which the Debtor now lists as her residence. Albert Togut, Esq. was

appointed the Chapter 7 Trustee and filed his no asset report on August 30, 2018, recognizing that there equity in the Property.

After Davis moved to vacate the stay, the Debtor commenced the instant adversary proceeding alleging claims for rescission.

## LEGAL ARGUMENT:
## THE COMPLAINT SHOULD BE DISMISSED

### A. Motions to Dismiss Generally

Under Rule 12(b), as reformulated by the Supreme Court, a complaint will be dismissed unless the Court finds that is contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). As the Supreme Court later explained:

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009) (internal citations omitted).

Thus, "although a court must accept as true all of the allegations contained in a complaint, that tenant is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotations marks and brackets omitted).

On a motion to dismiss, courts may consider "facts stated on the face of the complaint, in the documents appended to the complaint or incorporated in the complaint by

4

reference, and . . . matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

Based upon the loan documents, which are cited in the Complaint, and the Debtor's prior filings with this Court, all of which are properly before the Court on this motion, the Complaint should be dismissed.

### B. The Right of Rescission Does Not Apply to the Debtor

#### 1. HOEPA Is Inapplicable to this Loan

The Debtor alleges two causes of action against Davis, one under HOEPA and one under TILA. In fact, HOEPA is a part of the TILA, intended to specifically address second mortgages and subordinate financing of residential mortgages.

Most importantly, HOEPA applies only to "a consumer credit transaction that is secured by the consumer's principal dwelling". 15 U.S.C.A. § 1602(bb)(1)(A). As one Court explained:

> HOEPA still requires that the consumer credit transaction be one "secured by the consumer's principal dwelling, other than a reverse mortgage transaction," 15 U.S.C. § 1602(bb)(1)(A), and as the record undisputedly shows, the mortgaged property is not defendant's principal dwelling. Accordingly, defendant's invocation of HOEPA also fails.

*Gustavia Home, LLC v. Rice*, No. 16 CIV. 2353 (BMC), 2016 WL 6683473, at *4 (E.D.N.Y. Nov. 14, 2016).

As noted above, the Debtor clearly stated in the subject loan documents that she lived at the Columbus Apartment, and that the Property was not her principal residence at the time of the alleged violation in 2012 and 2013. This was affirmed in her Chapter 13 petition. Accordingly, the first cause of action fails as a matter of law, because HOEPA does not apply to the Property.

## 2. The Right of Rescission is Limited to the Consumer's Primary Residence

The Second Cause of Action seeks rescission under 15 U.S.C. §1635 of TILA, and Regulation Z (12 C.F.R. § 1026.23). However, the right of rescission under TILA is also expressly reserved for a loan secured by the consumer's principal residence. Indeed, Section 1635 specifically states that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is *used as the principal dwelling of the person to whom credit is extended,* the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board [of Governors of the Federal Reserve System], of his intention to do so.

15 U.S.C. §1635 (emphasis supplied).

Regulation Z, promulgated by the Board of Governors of the Federal Reserve System, has been described as the "implementing regulation" of TILA. *Schwartz v. HSBC Bank USA, N.A.*, 750 F. App'x 34, 35 (2d Cir. 2018). Regulation Z is found in 12 C.F.R. § 226.23, and likewise provides in relevant part that:

> (a) Consumer's right to rescind.
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a *consumer's principal dwelling*, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

12 C.F.R. § 226.23 (emphasis supplied).

Subsection (h) of Regulation Z, dealing with the right of the consumer to seek rescission in response to a mortgage foreclosure, similarly provides that "After the initiation of

foreclosure on the *consumer's principal dwelling* that secures the credit obligation, the consumer shall have the right to rescind the transaction" if various conditions are met. *Id.* (emphasis supplied).

Accordingly, the rescission which is sought by the Debtor is not available to her, since the security interest is against the Property and not the Debtor's principal dwelling at the time of the loan, to wit, the Columbus Apartment. *See, e.g. Scott v. Long Island Sav. Bank, F.S.B.*, 937 F.2d 738, 740 (2d Cir. 1991) (dismissing complaint where property was at best a vacation home and not the consumer's principle residence).

### B. This Action is Time Barred

The right to rescind under both HOEPA and TILA is found in Section 1635. Subsection (f) fixes a deadline for seeking rescission, which, except for certain limited circumstances not applicable to this case, provides that:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . .

15 U.S.C.A. § 1635.

The Supreme Court has interpreted this statute, and held that it is a statute of repose rather than a statute of limitations, setting a term for the right to rescind, so that once the three year deadline has passed, it may not be used offensively to commence an action or defensively in response to a foreclosure action. As the Court explained:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons

7

> of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417, 118 S. Ct. 1408, 1412 (1998). Since it is undisputed that the loan originally closed more than six years ago, the Debtor has no standing bring this adversary proceeding demanding rescission, or to seek to assert a right of rescission as a defense to the proposed U.C.C. foreclosure sale.

The Debtor tries to do an end run around the three year limit by asserting in paragraph 50 of her Complaint that the three year limit should be equitably tolled. This argument fails for two reasons.

First, equitable tolling is not available under Section 1635(f) of title 15. It has been held that:

> Based on the plain language of 15 U.S.C. § 1635(f), and the Supreme Court's interpretation of that language in *Beach*, "This three-year period is a statute of repose, rather than a statute of limitations, meaning that the right is extinguished after the three-year period passes and is not subject to equitable tolling." *Reinhart v. Citimortgage, Inc.*, No. 15-CV-1095, 2016 WL 1259413, at *6 (N.D.N.Y. Mar. 30, 2016) (*quoting Jacques v. Chase Bank USA, N.A.*, 2016 WL 423770, at *9 (D. Del. Feb. 3, 2016)), *reconsideration denied*, No. 15-CV-1095, 2016 WL 3176650 (N.D.N.Y. June 7, 2016); *see also, e.g., Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 264 n.6 (3d Cir. 2013) (noting that equitable tolling is unavailable under 15 U.S.C. § 1635(f)) (*citing Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1181 (10th Cir. 2012)); *McOmie–Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012) ("Because § 1635(f) is a statute of repose, it extinguished [the plaintiff's] right to rescission ... three years after the consummation of the loan."); *Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 326–27 (4th Cir. 1998) (per curiam) (same); *see also CTS Corp. v. Waldburger*, — U.S. —, 134 S.Ct. 2175, 2183, 189 L.Ed.2d 62 (2014) ("Statutes of limitations, but not statutes of repose, are subject to equitable tolling...."); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013) ("[A] statute of repose is subject [only] to legislatively created exceptions ... and not to equitable tolling." (citations and internal quotation marks omitted)).

*Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 292–93 (S.D.N.Y. 2017)

Second, even assuming equitable tolling is available, which it is not, the Debtor has failed to plead a single fact to support the invocation of the doctrine of equitable tolling.

As the Second Circuit has explained:

> Equitable tolling applies "in rare and exceptional circumstances, where ... extraordinary circumstances prevented a party from timely performing a required act, and ... the party acted with reasonable diligence throughout the period [s]he [sought] to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). To qualify for equitable tolling, a plaintiff must show that some extraordinary circumstance, such as fraudulent concealment of the cause of action, stood in the way of bringing suit and that she had been pursuing her rights diligently.

*Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018). No extraordinary circumstance is alleged here. At most, the Debtor pleads that required disclosures were not made. As set forth above, the disclosure requirements of HOEPA and TILA do not apply to the loan in question. But even assuming, *arguendo*, that the requirements do apply, this allegation is wholly insufficient to invoke equitable tolling in a TILA action.

As one Court explained:

> "Stated differently, equitable tolling is permitted where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Coveal v. Consumer Home Mortg., Inc.*, No. 04–CV–4755, 2005 WL 704835, at *4 (E.D.N.Y. Mar. 29, 2005) (internal quotation marks omitted); *see also Williams*, 2009 WL 3851675, at *6 ("The Second Circuit has held that equitable tolling is appropriate 'where the defendant is responsible for concealing the existence of plaintiff's cause of action.'" (alterations omitted) (quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir.2004))). Thus, "[i]n cases involving TILA, 'the courts have held uniformly that fraudulent conduct *beyond the nondisclosure itself is* necessary to equitably toll the running of the statute of limitations[,]' ... because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified." *Cardiello*, 2001 WL 604007, at *5 (emphasis added) (citations

> omitted) (quoting *Pettola v. Nissan Motor Acceptance Corp.*, 44 F.Supp.2d 442, 450 (D.Conn.1999)); *see also Jones v. Saxon Mortg., Inc.*, 980 F.Supp. 842, 846 (E.D.Va.1997) ("[F]raudulent concealment requires some act in addition to the commission of the initial fraudulent act because it implies conduct affirmatively directed at deflecting litigation." (alteration and internal quotation marks omitted)).

*Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286–87 (S.D.N.Y. 2011). *See, also, Latouche v. Wells Fargo Home Mortg. Inc., supra,* 752 F. App'x at 14 ("Latouche's conclusory allegations of non-disclosure, such as hidden costs in documents concerning purchase of the premises, do not amount the sort of extraordinary circumstances that would warrant tolling. *See Williams v. Aries Fin., LLC,* No. 09 CV 1816, 2009 WL 3851675, at *7 (E.D.N.Y. Nov. 18, 2009) ('The essence of [plaintiff's] argument is that the defendants' failure to disclose the terms of the [mortgage] loan amounted to fraudulent concealment.... If nondisclosure tolled the statute of limitations for a claim brought based on the nondisclosure, the statute of limitations would have no effect.')."

Since the Debtor has pled nothing but the barest of conclusory allegations of failure to provide notices, there is no basis whatsoever for equitable tolling.

## Conclusion

For all of the foregoing reasons, the Complaint should be dismissed, together with the granting of such other relief as may be just and proper.

Dated: New York, New York
April 3, 2019

                **GOLDBERG WEPRIN**
                **FINKEL GOLDSTEIN LLP**
                Attorneys for Milton Davis
                1501 Broadway – 22nd Floor
                New York, New York 10036
                (212) 221-5700

By: _____
      J. Ted Donovan, Esq.